**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DEVON MARESCA,**

        **Plaintiff,**

**-vs-**                                             **Case No. 6:09-cv-1386-Orl-19DAB**

**MARELA, LLC doing business as Jim's**
**Buffet and Grill, Inc., MARIA**
**ANDROMIDAS,**

        **Defendants.**
_____

## ORDER

This case comes before the Court on the (A) Motion to Dismiss for Failure to State a Cause of Action, (B) Motion to Dismiss for Lack of Subject Matter Jurisdiction, and (C) Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Change Venue & Memorandum of Law in Support Thereof by Marela, LLC, d/b/a/ Jim's Buffet & Grill, Inc. and Maria Andromidas. (Doc. No. 11, filed Dec. 4, 2009).

### Background

On August 8, 2009, Devon Maresca ("Plaintiff") filed the instant action against Marela, LLC, d/b/a Jim's Buffet and Grill, Inc. ("Marela") and Maria Andromidas (collectively "Defendants") alleging pregnancy discrimination in violation of 42 U.S.C. §§ 2000e(k), 2000e-2(a)(1), and Florida Statutes Chapter 760, and intentional infliction of emotional distress. (Doc. No. 1 ¶¶ 1, 39.) The Complaint alleges that venue is proper in the Middle District of Florida because Plaintiff resides in Volusia County, Florida. (*Id.* ¶ 4.) On December 14, 2009, Defendants filed the present Motion alleging that: (1) the Complaint should be dismissed as it pertains to Andromidas because Plaintiff

fails to allege that Andromidas discriminated against her; (2) the Complaint should be dismissed in its entirety for failure to specifically allege that Plaintiff filed suit within ninety days of receiving her right-to-sue letter; and (3) venue is improper pursuant to 42 U.S.C. § 2000e-5(f)(3) and the Complaint should therefore be dismissed or, in the alternative, transferred to the Northern District of Florida, Tallahassee Division. (Doc. No. 11.) Plaintiff did not file a response in opposition to Defendants' Motion.

**Standard of Review**

On a Rule 12(b)(3) motion to dismiss, the plaintiff has the burden of showing that venue in its chosen forum is proper. *Gulf Power Co. v. Coalsales II, LLC*, No. 3:06-cv-270-MCR, 2008 WL 563484, at *5 (N.D. Fla. Feb.27, 2008) (citing *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004)); *Brown v. Brown*, No. 8:06-CV-1028-T-24TGW, 2007 WL 949424, at * 2 (M.D. Fla. Mar. 27, 2007). In considering such a motion, a court accepts the facts in the plaintiff's complaint as true. *Wai*, 315 F. Supp. 2d at 1268. A court may also "consider matters outside the pleadings if presented in proper form by the parties." *MGC Commc'ns, Inc. v. BellSouth Telecomms., Inc.*, 146 F. Supp. 2d 1344, 1349 (S.D. Fla. 2001) (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1364 (2d ed. 1990)). Where there is a conflict between allegations in the complaint and evidence outside the pleadings, the court "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Wai*, 315 F. Supp. 2d at 1268.

**Analysis**

Ordinarily, federal courts are instructed to determine whether venue for a civil action is proper under 28 U.S.C. § 1391. Title VII, however, includes its own venue provision, 42 U.S.C. § 2000e-

5(f)(3), which supersedes the general venue provision of § 1391.[1] *See Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and that the more general provisions of § 1391 are not controlling in such cases."). Pursuant to 42 U.S.C. § 2000e-5(f)(3), a plaintiff may bring suit (1) where "the unlawful employment practice is alleged to have been committed," (2) where "the employment records relevant to such practice are maintained and administered," or (3) where "the aggrieved person would have worked but for the alleged unlawful employment practice." Only if the defendant is not found within any of these districts can a plaintiff rely on a fourth possible location, "the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e-5(f)(3) (2010).

If the district in which a Title VII action is brought does not meet the requirements of 42 U.S.C. § 2000e-5(f)(3), venue is improper and the district court may dismiss the case, "or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (2010). The decision to dismiss or transfer such a case is committed to the sound discretion of the district court and is reviewable only for abuse of that discretion. *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982). Generally, the court should transfer a case if dismissal would result in a statute of limitations barring the plaintiff from refiling the claim. *Goldawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).

---

[1] 28 U.S.C. § 1391 provides in pertinent part that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, *except as otherwise provided by law*, be brought in . . . ." 28 U.S.C. § 1391(b) (2010) (emphasis added).

In the present case, the Middle District of Florida does not satisfy the requirements of the venue provision of Title VII, 42 U.S.C. § 2000e-5(f)(3). The Complaint states that the alleged discriminatory actor, Marela, is a Florida Corporation doing business in Jackson County, Florida, with its principal place of business in Marianna, Jackson County, Florida. (Doc. No. 1 ¶¶ 6, 15.) The Complaint also alleges that Andromidas, "at all times material hereto, was and is a resident of Jackson County, Florida." (*Id.* ¶ 7.) Finally, the Complaint states that while Plaintiff is currently a resident of Volusia County, Florida, (*Id.* ¶ 4), "at all times material hereto, Plaintiff was a resident of Greenwood, Jackson County, Florida."[2] (*Id.* ¶ 6.) Accepting Plaintiff's allegations as true, all relevant locations under § 2000e-5(f)(3) are found within Jackson County, Florida, which is geographically located within the jurisdictional area for the United States District Court for the Northern District of Florida, Panama City Division.[3] Accordingly, Plaintiff fails to meet her burden of demonstrating that venue in this forum is appropriate.

As previously noted, pursuant to 28 U.S.C. § 1406(a), the Court may dismiss or, if it is in the interests of justice, transfer the case to the district where it could have been brought. Because dismissal of this case may result in Plaintiff's Title VII claims being barred by the statute of limitations set forth in 42 U.S.C. § 2000e-5(f)(1), the Court finds that, in the interests of justice, the case should be transferred to the United States District Court for the Northern District of Florida. *See, e.g., ITT Base Servs. v. Hickson*, 155 F.3d 1271, 1274 (11th Cir. 1998) (finding that a transfer was in the interest of justice where any further action would have been time barred); *Slatick v. Director,*

---

[2] The Complaint is silent as to where the relevant employment records are maintained and administered.

[3] Plaintiff failed to file a response to the present Motion.

*Office of Workers' Compensation*, 698 F.2d 433, 434-35 (11th Cir. 1983) (transfer required when case would be time barred by the time it was dismissed).

**Conclusion**

Based on the foregoing, the (A) Motion to Dismiss for Failure to State a Cause of Action, (B) Motion to Dismiss for Lack of Subject Matter Jurisdiction, and (C) Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Change Venue & Memorandum of Law in Support Thereof by Marela, LLC, d/b/a/ Jim's Buffet & Grill, Inc. and Maria Andromidas (Doc. No. 11, filed Dec. 4, 2009), is **GRANTED in part.** The Motion is **GRANTED** to the extent it seeks a transfer of venue to the United States District Court for the Northern District of Florida. The Court does not reach the other issues raised in the Motion. The Clerk of the Court is directed to transfer this case to the Panama City Division of the Northern District of Florida and thereafter close this file.

**DONE** and **ORDERED** in Orlando, Florida on February 25 , 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties